UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RANDY G. STRANGE #135155,

    Plaintiff,

v.                                                      3:07-cv-435

STATE OF TENNESSEE,

    Defendant.

**MEMORANDUM AND ORDER**

The court is in receipt of a *pro se* prisoner's complaint and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

Plaintiff's complaint is titled "Enforceability For Tort Claim" and, in the heading, purports to be filed in the Circuit Court for Jefferson County, Tennessee, although it was mailed to this court. The basis of the complaint is plaintiff's claim that he received ineffective assistance of counsel in a criminal proceeding when his attorney falsely promised plaintiff that, in return for his guilty plea, he would receive a maximum sentence of 20 years

with a release eligibility at 30%. Plaintiff also claims the trial judge denied his right to a jury trial when he enhanced his sentence. Plaintiff seeks damages in the amount of $350,000.00 from the State of Tennessee.

Plaintiff does not identify the crime to which he pleaded guilty. A search of WestLaw reveals that plaintiff pleaded guilty, in the Circuit Court for Jefferson County, Tennessee, to the offenses of especially aggravated burglary, aggravated rape, and especially aggravated robbery. He received sentences of eight years, 25 years, and 25 years, respectively. The latter two sentences were ordered to be served consecutively, for an effective sentence of 50 years. On direct appeal, plaintiff challenged his sentences as excessive; the Tennessee Court of Criminal Appeals upheld the validity of the sentences. *State v. Strange*, No. 94, 1991 WL 51408 (Tenn. Crim. App. April 11, 1991), *perm. app. denied, id.* (Tenn. Sept. 9, 1991).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held the following:

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486-87 (footnote omitted). Plaintiff has obviously failed to prove that his sentence has been reversed and therefore he cannot seek damages for his alleged unconstitutional confinement.

Although this court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not

2

alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is in the custody of the Tennessee Department of Correction, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a)     twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b)     twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the

preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Morgan County Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee.  The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

    **ENTER:**

s/ Thomas W. Phillips<br>United States District Judge